**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**James Paul TRIONA, Respondent.**

No. 2000–SC–0012–KB.

Supreme Court of Kentucky.

Feb. 24, 2000.

Bruce K. Davis, Executive Director, Janis E. Clark, Counsel, Frankfort, for movant.

James Paul Triona, Cincinnati, for respondent.

### ORDER

Pursuant to SCR 3.669(3), this matter comes before the Court upon request of the Kentucky Bar Association Continuing Legal Education Commission concerning a deficit in mandatory CLE credits by James Paul Triona for the year ending June 30, 1999. Based upon this deficit, the CLE Commission requests that this Court impose sanctions upon Mr. Triona pursuant to SCR 3.669(4).

Mr. Triona, whose last known business address is 119 E. Court Street, Suite 402, Cincinnati, Ohio, has practiced law in Ohio for twenty-one years and in Kentucky for almost nine years. He claims that he has had no other disciplinary complaints of any nature against him in either state. He acknowledges that he did not meet the CLE requirements for the educational year ending June 30, 1999.

The Commission sent Mr. Triona no less than four notices regarding the delinquency. Mr. Triona requested a non-hardship time extension pursuant to SCR 3.667(2), which was denied by the Commission. The Commission claims that Mr. Triona was not eligible for a non-hardship extension because he had received one the previous year.

Mr. Triona attended CLE programming in July and August 1999. He earned sufficient CLE credit at those programs to cure his deficiency for the educational year ending June 30, 1999.

Thereafter, on November 30, 1999, Mr. Triona was sent notice of the Motion for Entry of Show Cause, which had been filed by the Commission with this Court on the same day. On December 6, 1999, Mr. Triona filed a Response on December 21, 1999. In the Response, Mr. Triona stated that, in December 1997, he had practiced twenty years in a large law firm when his firm's largest client was placed into rehabilitation. Thus, his law firm went out of business within the month. Mr. Triona stated that he suddenly had to start his own law practice, a career transition that he claims was daunting and difficult. He acknowledges that this career change is no excuse for his failure to meet the mandatory CLE requirements, and only offers his response as an explanation for his delinquency.

In light of Mr. Triona's forthright acknowledgment of his failure to meet the CLE requirements, of his acceptance of responsibility for the failure, of the difficult professional circumstances he has experienced since his former law firm closed, and of his recent cure of the CLE deficiency, Mr. Triona is deemed to have shown to this Court's satisfaction that he should not be suspended from the practice of law in Kentucky. Lesser sanctions, however, are appropriate.

For the foregoing reasons, it is hereby ordered:

1. Respondent's deficit in Continuing Legal Education credits for the educational year ending June 30, 1999 is cured.

2. In the event Respondent seeks any extension of time for the educational year ending June 30, 2000, such request for extension shall be held to exacting standards with respect to showing entitlement thereto.

3. Respondent is directed to pay $750 for non-compliance with the CLE requirements for the year ending June 30, 1999.

LAMBERT, C.J., and COOPER, GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ. concur.

JOHNSTONE, J., dissents.

ENTERED: February 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE